UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE O'CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>ONE UNNAMED AGENT OF THE FEDERAL BUREAU OF INVESTIGATION WITH THE MONIKER "CHARLIE", et al.,<br><br>Defendants. | Case No. 2:25-cv-00943-DC-CSK<br><br>ORDER GRANTING DEFENDANT WATSON'S MOTION TO TRANSFER VENUE AND TRANSFERRING ACTION<br><br>(ECF No. 7) |

Plaintiff George O'Connor proceeds in this action pro se.[1] Pending before the Court is Defendant Winfred N. Watson's[2] motion to dismiss or, in the alternative, for dismissal or transfer of venue. Def. Mot. (ECF No. 7.) On May 6, 2025, the Court found Defendant's motion suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing. (ECF No. 27.) On May 14, 2025, Plaintiff filed a late opposition, which the Court will consider in its review of Defendant's motion because Defendant Watson was able to respond to the late opposition. Pl. Opp'n (ECF No. 32);

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2] Defendant Winfred N. Watson indicates in his motion he has been erroneously named as Rocky Watson Esq. Def. Mot. (ECF No. 7-1 at 1, 7). The Court will direct the Clerk of the Court to update the docket to reflect the correct spelling for this defendant as Winfred N. Watson.

1

Def. Reply (ECF No. 34). On May 16, 2025, Defendant Watson filed a reply. For the reasons that follow, the Court orders that Defendant Watson's motion to transfer venue pursuant to 28 U.S.C. § 1406 is GRANTED, transferring this action to the Northern District of Alabama. The Court declines to reach the merits of Defendant Watson's motion to dismiss and instructs Defendant Watson to contact the assigned chambers in the transferee or receiving court for further direction regarding resolution of the motion to dismiss.

I.   **MOTION TO TRANSFER VENUE**

   A.   **Legal Standard**

The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice."

   B.   **Discussion**

Defendant Watson argues that venue does not lie in the Eastern District of California because all defendants and relevant witnesses are located in the Northern District of Alabama, and all the alleged events also took place in the Northern District of Alabama. Def. Mot. at 6-7. Plaintiff opposes the transfer based on "potential jurors and others" may be "influenced by Defendants and their associates." Pl. Opp'n at 13. The

Court finds that venue does not properly lie in the Eastern District of California. There is no defendant that is a resident of this district for the purpose of determining venue. In addition, the real property that is the subject of the dispute is located at 1900 County Road 81, Flat Rock, AL 35966. *See* Compl. at 116-122 (ECF No. 1). Finally, the Complaint's allegations do not establish that "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). The Complaint alleges Plaintiff was defrauded by Defendants into purchasing real property in Alabama. *See generally* Compl. Although Plaintiff asserts the real property purchase agreement was entered into in California, Plaintiff's allegations regarding fraud and harassment to "run [Plaintiff] off" the real property appear to stem from incidents that occurred exclusively in Jackson County, Alabama. *See* Compl. at 5-8. This is insufficient to establish that venue in the Eastern District of California is proper. Because the Court has determined that venue is not proper in the Eastern District of California, the case must be dismissed or transferred under 28 U.S.C. § 1406(a). Here, Defendants and the real property, which is the subject of the dispute, are in the Northern District of Alabama. Even if venue could lie in this district, the Court finds in the interest of justice, the Northern District of Alabama is a more appropriate venue "for the convenience of the parties and witnesses" and because a substantial part of the events giving rise to the claim also took place within that forum. 28 U.S.C. § 1404(a). Therefore, the Court transfers this action to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a), or in the alternative, 28 U.S.C. § 1404(a). In transferring this action, this Court expresses no opinion regarding the merits of Plaintiff's claims, the other grounds raised in Defendant's Watson's motion to dismiss, or the other pending motions to dismiss.

**II.    PENDING MOTIONS TO DISMISS**

The following motions to dismiss have been filed in this action: Defendant Watson's motion to dismiss (ECF No. 7); Defendants County of Jackson, Alabama, and the Jackson County Sheriff's Department's motion to dismiss (ECF No. 11); Defendants

Bryan Hilton and Kay Ivey's motion to dismiss (ECF No. 16); Defendant Jeffrey McLaughlin, Esq.'s motion to dismiss (ECF No. 18); Defendant Timothy Wells' motion to dismiss (ECF No. 19); Defendant Kathy Wells' motion to dismiss (ECF No. 20); and Defendants Peoples Independent Bank and Melodi Johnson's motion to dismiss (ECF No. 35). Because this Court has determined that venue does not properly lie in the Eastern District of California and that the interests of justice would be served by transferring the matter to the Northern District of Alabama, the Court declines to reach the merits of the pending motions to dismiss (ECF Nos. 7, 11, 16, 18-20, 35). *See Chaker v. Becerra*, 2021 WL 826167, at *4 (E.D. Cal. Mar. 4, 2021) (citing to *Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 588 (N.D. Cal. 2020) (declining to reach defendant's motion to dismiss after granting motion to transfer); *Sam Kholi Enterprises, Inc. v. Comsys Services LLC*, 2011 WL 13257533, at *10 (S.D. Cal. Oct. 3, 2011). Once the case has been transferred, the parties should contact the assigned chambers for further direction regarding resolution of the pending motions to dismiss. *See Sam Kholi Enterprises, Inc.*, 2011 WL 13257533, at *10.

### III.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to reflect that the correct name for Defendant Rocky Watson Esq. is Winfred N. Watson;
2. Defendant Watson's motion to transfer venue (ECF No. 7) is GRANTED TRANSFERRING the action to the United States District Court for the Northern District of Alabama;
3. The Court declines to reach the merits of Defendant Watson's motion to dismiss (ECF No. 7), Defendants County of Alabama, and Jackson County Sheriff's Department's motion to dismiss (ECF No. 11), Defendant Hilton and Ivey's motion to dismiss (ECF No. 16), Defendant McLaughlin's motion to dismiss (ECF No. 18), Defendant Wells' motion to dismiss (ECF No. 19), Defendant Wells' motion to dismiss (ECF No. 20), and Defendant Peoples

Independent Bank and Johnson's motion to dismiss (ECF No. 35) in light of the transfer;

4. All previously set deadlines and hearings are VACATED; and

5. The Clerk of the Court is directed to CLOSE this action.

Dated: May 21, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ocon0943.25